United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Southern Gear & Machine, Inc., Plaintiff, <br><br> v. <br><br> Dia Sales Company, Inc. and Timothy Matook, Defendants. | ) ) ) ) ) ) ) ) )     Civil Action No. 22-21599-Civ-Scola |

## Order

This matter is before the Court on the Plaintiff Southern Gear & Machine, Inc.'s expedited motion for leave to deposit disputed payments into the Court Registry. (ECF No. 9). The Defendants filed a response to the motion (ECF No. 11), and Southern Gear filed a reply memorandum in support of its motion (ECF No. 14). After careful consideration of the motions, the record, and the relevant legal authorities, the Court **grants** the Plaintiff's motion. (**ECF No. 9**.)

In its motion, Southern Gear seeks leave to deposit certain disputed commission payments into the Court Registry. (ECF No. 11.) The nature of these commission payments requires some background (as pled in the operative complaint). Dating back to 1993, Southern Gear contracted with Dia Sales Company to sell its products in the Northeast. (*Id.* at ¶¶ 8–11.) Pursuant to this agreement, Southern Gear paid Dia sales commissions. (*Id.* at ¶ 14.) Later, in 2014, Matook began working for Dia and soon took over as director. (*Id.* at ¶¶ 17–18.) The parties' relationship appears to have been amenable until March 2022, when Southern Gear asked Dia to execute a new sales agreement. (*Id.* at ¶¶ 37–38.) Dia refused, and Southern Gear subsequently terminated the existing sales agreement in March 2022. (*Id.* at ¶¶ 40–41.) At that point, Matook claimed that he had been misclassified and that he was—and had been—Southern Gear's employee and not an independent contractor through Dia. (*Id.* at ¶ 42.) Therefore, Matook now argues that he is owed wages, benefits, and overtime payments from 2014 to 2022, and the Defendants assert a claim to commission payments through April 2022. (*Id.* at ¶¶ 47–48.)

In the instant motion, Southern Gear seeks to deposit the March 2022 commission payments into the Court Registry, as the parties dispute whether the payments should go to Dia or Matook. The Defendants counter that they don't care to whom the payments go. The Defendants argue that Southern Gear should pay the commission as it always did—"through Dia" to Matook, who

was allegedly under an "implied contract" with Southern Gear. (ECF No. 11 at 3–4.)

Federal Rule of Civil Procedure 67 provides that "[i]f any part of the relief sought is a money judgment or the disposition of a sum or money," a party "may deposit with the court all or part of the money or thing[.]" *See* Fed. R. Civ. P. 67(a). The "core purpose" of this rule is to "relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming some entitlement thereto." *See Zelaya/Cap. Int'l Judgment, LLC v. Zelaya*, 769 F.3d 1296, 1302 (11th Cir. 2014) (quoting *Alstom Caribe, Inc. v. Geo. P. Reintjes Co.*, 484 F.3d 106, 113 (1st Cir. 2007)). However, the rule "cannot be used as a means of altering the contractual relationships and legal duties [or rights] of each party." *Water Tree Ventures LLC v. Giles*, No. 3:18-CV-1421, 2019 WL 13162435, at *2 (N.D. Fla. Feb. 8, 2019) (quoting *LTV Corp. v. Gulf States Steel, Inc. of Ala.*, 969 F.2d 1050, 1063 (D.C. Cir. 1992)).

The Court finds that there is a real dispute as to whom Southern Gear owes the commission payments: Dia pursuant to the sales representative agreement or Matook pursuant to an implied contract. This dispute is not negated just because the Defendants now represent that they don't mind to whom Southern Gear gives the payment—there is still a legal dispute as to who is legally entitled to the commission payments. Therefore, the March 2022 commission payments are a contested fund, and Rule 67(a) exists to permit Southern Gear to relieve itself of "responsibility for disbursement of that fund among those claiming some entitlement thereto." *See Zelaya*, 769 F.3d at 1302. For these reasons, the Court **grants** the Plaintiff's motion. (**ECF No. 9**.)

**Done and ordered** in Miami, Florida, on June 16, 2022.

_____
Robert N. Scola, Jr.
United States District Judge